IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAKE PITTARI                                                          PLAINTIFF

        v.                        Civil No. 04-5200

AMERICAN EAGLE AIRLINES,
INC.                                                                  DEFENDANT

## O R D E R

Now on this 16th day of September, 2005, comes on to be
considered **Defendant's Motion for Summary Judgment (Doc. 27)**. The
Court, being well and sufficiently advised, finds and orders as
follows with respect thereto:

1.   Plaintiff, a flight attendant for defendant's airline,
alleges that following an on-the-job accident in which he injured
his back and head, he was prescribed pain killers and medications
for an anxiety disorder and the medications were detected in drug
screens conducted by defendant.  According to plaintiff, beginning
in June 2003, defendant refused to allow plaintiff to perform the
"safety sensitive" duties of a flight attendant.  Plaintiff alleges
that his physician thereafter sent three letters to defendant,
stating that plaintiff could perform the functions of a flight
attendant without restrictions, but defendant refused to return
plaintiff to his flight attendant position until March 3, 2004.

     Plaintiff asserts that defendant's actions violated his rights
under the Family Medical Leave Act, 29 U.S.C. § 2601, <u>et</u> <u>seq.</u>
("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101,

et. seq. ("ADA"), and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, et. seq. ("ACRA").

2.    In its motion for summary judgment, defendant argues that plaintiff's ADA and FMLA claims are preempted by the Railway Labor Act, 45 U.S.C. § 151, et seq.  The Railway Labor Act requires parties to arbitrate "minor" disputes.  See 45 U.S.C. § 184; see also Gore v. Trans World Airlines, 210 F.3d 944, 949 (8th Cir. 2000).  Minor disputes are those "arising out of the application or interpretation of the collective bargaining agreement, and therefore, complete preemption applies to disputes involving duties and rights created or defined by the collective bargaining agreement."  Id. at 949.

Defendant argues that the Association of Flight Attendants' Collective Bargaining Agreement sets out standards and procedures for determining whether a flight attendant should be removed from flying status due to a physical impairment.  Defendant argues that plaintiff's claims regarding whether or not he was fit to return to work are therefore preempted by the Railway Labor Act, as they are dependent on an interpretation of the collective bargaining agreement.

The Court sees no merit to this argument.  "The discrimination claims at issue in this case arise independent of the collective bargaining agreement.  Because federal ... law [is] the source of the claims, not the collective bargaining agreement, the Railway

Labor Act does not preempt [plaintiff's] discrimination claims."
Deneen v. Northwest Airlines, Inc., 132 F.3d 431, 439 (8th Cir.
1998); see also Fenney v. Dakota R.R., 327 F.3d 707, 718 (8th Cir.
2003) (ADA is not preempted by Railway Labor Act).

3.   Defendant also argues that it is entitled to summary
judgment on the merits of all of plaintiff's claims.  Summary
judgment is appropriate only if, when viewing the facts in the
light most favorable to the plaintiff and giving her the benefit of
all reasonable factual inferences, there is no genuine issue of
material fact and the moving party is entitled to judgment as a
matter of law.  See Leichihman v. Pickwick Int'l, 814 F.2d 1263,
1268 (8th Cir.), cert. denied, 484 U.S. 855 (1987). Summary
judgments should be sparingly used in employment discrimination
cases and then only in those rare instances where there is no
dispute of fact and where there exists only one conclusion.  All
the evidence must point one way and be susceptible of no reasonable
inferences sustaining the position of the non-moving party.  See
Johnson v. Minnesota Historical Soc., 931 F.2d 1239, 1244 (8th Cir.
1991).

Viewing the evidence under these exacting standards, the Court
finds that there are genuine issues of material fact precluding the
grant of summary judgment on plaintiff's ADA and FMLA claims.
Plaintiff concedes that his claims under the ACRA should be
dismissed.

Based on the foregoing, **Defendant's Motion for Summary Judgment (Doc. 27)** is **GRANTED** with regard to plaintiff's ACRA claims and these claims are hereby dismissed. The motion is **DENIED** in all other respects and plaintiff's ADA and FMLA claims shall proceed to trial as scheduled the week of September 26, 2005.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE