IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAKE PITTARI                                              PLAINTIFF

v.                        No. 04-CV-5200

AMERICAN EAGLE AIRLINES                                   DEFENDANT

## ORDER

Pending is Plaintiff's Motion for Attorney's Fees and Costs (Doc. No. 59). Defendant has responded (Doc. No. 66) and there have been replies and sur-replies (Doc. Nos. 67, 69). Also pending is Defendant's Application for Costs (Doc. No. 62). Plaintiff has responded (Doc. No. 64).

### BACKGROUND

Plaintiff, a flight attendant for Defendant, alleged causes of action under the Family Medical Leave Act ("FMLA"),[1] the Americans with Disabilities Act ("ADA"),[2] and the Arkansas Civil Rights Act ("ACRA").[3] Plaintiff conceded the ACRA claim and it was dismissed on summary judgment. Following a three-day trial, a jury returned a verdict for Plaintiff on the ADA claim and a verdict for Defendant on the FMLA claim. The jury awarded Plaintiff $2,001.00 for damages but did not award punitive damages.

---

[1] 29 U.S.C. § 2601, *et seq.*

[2] 42 U.S.C. § 12101, *et seq.*

[3] Ark. Code Ann. § 16-123-101, *et seq.*

1

**STANDARD FOR DETERMINING ATTORNEY'S FEES**

There is no fixed formula for determining attorney's fees. However, a court should consider the following factors when making the determination:

> the experience and ability of the attorney, the time and labor required to perform the legal service properly, the amount involved in the case and the results obtained, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar legal services, whether the fee is fixed or contingent, the time limitations imposed upon the client or by the circumstances, and the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.[4]

When a plaintiff prevails on some, but not all of his claims, the partial success should be considered when determining the amount of fees to award. "If the plaintiffs success is limited, he is entitled only to an amount of fees that is reasonable in relation to the results obtained."[5] However, the Eighth Circuit has held that "[b]ecause damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief."[6]

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

The Americans with Disabilities Act permits the court to award fees and costs to the prevailing party.[7] Additionally, under 42 U.S.C. §12205, Plaintiff is permitted to recover reasonable fees paid to an expert witness.[8]

---

[4]*Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990).

[5]*Jenkins by Jenkins v. State of Missouri*, 127 F.3d 709, 716 (8th Cir. 1997).

[6]*City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986).

[7]*Salitros v. Chrysler Corp.*, 306 F.3d 562, 576 (8th Cir. 2002).

[8]*Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) *cert. denied* 537 U.S. 1105 (2003) ("[B]ecause the term 'litigation expenses' normally encompasses expert witness fees, we

2

Plaintiff asserts that he is entitled to attorney's fees of $34,765.50, expert witness fees of $3,000 for William McCollum, M.D., and costs of $2,906.05.[9] Plaintiff's lawyer contends that he spent 264.4 hours (excluding 52.9 hours for time spent on the unsuccessful FMLA claim) on this case at a rate of $165 an hour. Plaintiff also requests an additional $412 for time spent reviewing Defendant's Motion for Costs.[10]

Defendant contends that Plaintiff's fee request should be reduced for the time spent on the FMLA claim, because the Plaintiff was unsuccessful on the claim and was "awarded only the statutory minimum of compensatory damages of $1.00 and no punitive damages."[11] Defendant also asserts that Plaintiff should not be able to recover an expert fee for Dr. McCollum because he "was not listed as a Rule 26 expert at any stage of the proceeding and did not write and expert report."[12]

I believe that Dr. McCollum's testimony was substantially important in establishing the claim upon which Plaintiff was successful in this action.

---

hold that [the ADA, § 12205] provides direct authority for the award of expert fees"; noting that the preamble to ADA regulations also identifies expert fees as part of litigation expenses.). *See also Fiolek v. Tucson Unified School Dist.*, No. CV 01-36 TUC DCB, 2004 WL 3366149, *1 (D. Ariz. Sep. 10, 2004); *White v. Sutherland*, No. Civ. S-03-2080 CMK, 2005 WL 1366487, *11 (E.D. Cal. May 06, 2005); *Macort v. McDonald's Corp.*, 8:03-CV-1333-T-23TGW, 2005 WL 1925740, *10 (M.D. Fla. Aug 11, 2005); *Disabled Patriot of America v. Romulus Nights, Inc.*, No. CIV.A. 04CV60258DT, 2005 WL 3132206, *3 (E.D. Mich. Nov. 22, 2005); *Hansen v. Deercreek Plaza, LLC*, No. 04-61208-CIV, 2006 WL 704162, *5 (S.D. Fla. Mar. 21, 2006).

[9] Doc. No. 59.

[10] Doc. No. 65. $165/hr X 2.5 hrs.

[11] Doc. No. 66.

[12] Doc. No. 66.

3

While Plaintiff was not entirely successful , the jury verdict was a vindication of a significant constitutional right.  It seems that, considering all significant factors, a reasonable fee is $24,000.00.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion for Attorney's Fees and Costs is GRANTED.  Accordingly, Plaintiff is awarded $24,000.00 in attorneys fees and $5,906.06 for costs and expenses, to be paid by Defendant.  Defendant's Application for Costs is DENIED.

IT IS SO ORDERED THIS 3rd day of April, 2006.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE