**IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**JAKE PITTARI**                                                                                          **PLAINTIFF**

**v.**                                              **5:04-CV-05200-WRW**

**AMERICAN EAGLE AIRLINES**                                                               **DEFENDANT**

**ORDER**

Following a three day trial, the jury in this case returned a verdict for Plaintiff on September 29, 2005.[1] Defendant appealed. In a November 9, 2006 Order, the Eighth Circuit Court of Appeals held:

> Because Pittari did not meet his burden of showing that American Eagle regarded Pittari as disabled in the major life activity of working, we reverse the district court's denial of American Eagle's motion for judgment as a matter of law. We also reverse the district court's award of attorney fees and costs to Pittari and its denial of post-offer costs to American Eagle. We therefore remand this matter to the district court to determine the amount of American Eagle's post-offer costs and to enter judgment in accordance with this opinion.[2]

Based on the Eighth Circuit's mandate, the September 16, 2005 Order denying summary judgment with respect to Plaintiff's ADA and FMLA claims is VACATED,[3] and summary judgment is GRANTED for Defendant on all claims. Additionally, since Plaintiff is no longer the prevailing party, the April 4, 2006 Order granting Plaintiff's Motion for Attorney's Fees and

---

[1] Doc. No. 57.

[2] Doc. No. 80.

[3] Doc. No. 48.

Costs is VACATED.[4]  Likewise, because Plaintiff is no longer the prevailing party, Defendant's motion for post-offer costs under Rule 68 is DENIED as MOOT.

### A.    Rule 68 Post-Offer Costs

The Eight Circuit directed that I "determine the amount of American Eagle's recovery" of post-offer costs under Rule 68.[5]  Rule 68 of the Federal Rules of Civil Procedure reads: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."  The United States Supreme Court has held that "it is clear that [Rule 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff,"[6] and "does not apply to judgments in favor of the defendant."[7]

Since the Court of Appeals overturned the jury verdict and ordered that Defendant's Motion for Summary Judgment be granted, judgment in this case has been entered for Defendant rather than Plaintiff.  Because judgment now has been entered for Defendant, Rule 68 has no application in this case.  Accordingly, Defendant cannot recover post-offer costs under Rule 68.

### B.    Rule 54 Costs

To the extent that Defendant, as the prevailing party, seeks costs under Rule 54(d)(1), the request is denied.  A district court "has substantial discretion in awarding costs to a prevailing party."[8]  The facts revealed by the pleadings and during the June 13, 2007 telephone conference suggest that Plaintiff is of modest means. In situations "where the antagonists are very unevenly

---

[4]Doc. No. 75.

[5]Doc. No. 80.

[6]*Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).

[7]*Id*. at 354.

[8]*Greaser v. State, Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998).

matched in size, resources, and stability, it would be unfortunate to use the possible taxation of costs as a sword of Damocles . . . ."[9]

## CONCLUSION

Based on the mandate of the Eighth Circuit, as well as the findings of fact and conclusions of law above, it is ordered that:

1. The September 16, 2005 Order denying summary judgment with respect to Plaintiff's ADA and FMLA claims (Doc. No. 48) is VACATED, and Defendant's Motion for Summary Judgment (Doc. No. 27) is GRANTED.

2. The April 4, 2006 Order granting Plaintiff's Motion for Attorney's Fees and Costs (Doc. No. 75) is VACATED, and Plaintiff's Motion for Attorney's Fees and Costs (Doc. No. 59) is DENIED.

3. Defendant's Request for Costs under Rule 68 is DENIED.

4. Defendant's Request for Costs under Rule 54(d)(1) is DENIED.

5. The Motion to Withdraw as Counsel is (Doc. No. 83) GRANTED. Accordingly, Mr. Steven Lee Wood is relieved as counsel.

IT IS SO ORDERED this 19th day of June, 2007.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[9]*Boas Box Co. v. Proper Folding Box Corp.*, 55 F.R.D. 79, 81 (E.D.N.Y. 1971).